JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1993 PA (JEMx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | Long Point Properties, LLC v. Maria E. Chavez | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Maria E. Chavez ("Defendant") on March 09, 2012. Plaintiff Long Point Properties, LLC's ("Plaintiff") Complaint, filed in Los Angeles Superior Court, asserts a single cause of action for unlawful detainer. Defendant appears to assert that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331, and because of the bias of California state court judges.

### I.  Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1993 PA (JEMx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | Long Point Properties, LLC v. Maria E. Chavez | | |

**II.** **Analysis**

    **A.** **Federal Question Jurisdiction**

In her Notice of Removal, Defendant alleges that federal question jurisdiction exists because "the subject loan is a closed-end federally-related mortgage loan transaction . . . and is therefore covered under and regulated by" a number of federal statutes and regulations. (Notice of Removal at 2.) However, the Complaint is for unlawful detainer. Even were Defendant to raise a federal defense based on a federal statute, this action is brought under state law, and thus not subject to removal. Thus, the Court lacks federal question jurisdiction over this unlawful detainer action.

    **B.** **Judicial Bias**

Defendant also argues that removal is appropriate because "[t]he judges in California, each and every one, holds prejudicial interest in bank product, particularly mortgage-backed securities through the Judicial Retirement System for California State Employees. . . . No fair or valid judgment could be issued under these facts." (Notice of Removal at 2.) Even were such an allegation sufficient to establish a basis for recusal, judicial bias is not a basis for removal to federal court. See 28 U.S.C. § 1441(a) (providing for removal only of a "civil action brought in a State court of which the district courts of the United States have original jurisdiction").

## Conclusion

In light of the foregoing, the Court lacks subject matter jurisdiction over this action. Accordingly, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 12U00100. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.